UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
JERRELL MILLER, aka JERRELL
MILLER/HYMAN,

                          Petitioner,

    -against-

THE PEOPLE OF THE STATE OF NEW
YORK; D. ROCK, Superintendent of Upstate
C.F.,

                         Respondents.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

13-CV-4673 (ENV)

VITALIANO, D.J.

      On August 16, 2013, petitioner Jerrell Miller, incarcerated at Great Meadow Correctional Facility, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of New York. (Pet. (Dkt. No. 1)). In his petition, Miller challenged his 2011 conviction in Supreme Court, Queens County for bank robbery and attempted bank robbery. (*See id.* at 1). By order of the Northern District, dated August 20, 2013, that petition was transferred to this Court. (Transfer Order (Dkt. No. 3)). Miller filed a second petition on August 21, 2013 challenging the same conviction. The Court construes the second petition as an amended petition, and has directed the Clerk of Court to docket it as such. (*See Am. Pet.* (Dkt. No. 6)). Petitioner's application to proceed *in*

1

*forma pauperis* is granted. (Dkt. No. 2). However, for the reasons discussed below, the amended petition is dismissed without prejudice as premature.

## Discussion

Before a federal court may entertain a habeas corpus petition on behalf of a state prisoner, the petitioner must first exhaust his available state remedies. *See* 28 U.S.C. § 2254(b)-(c); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) ("A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process.") (internal quotation marks omitted); *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997) ("It is well settled that all state remedies must be exhausted before a federal court may consider a state prisoner's petition for a writ of habeas corpus."). Premised on the principles of comity, the exhaustion doctrine assures the "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions," *Daye v. Attorney General of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982), and "increas[es] the likelihood that the factual allegations necessary to a resolution of the claim will have been fully developed in state court, making federal habeas review more expeditious." *Id.* Although both federal and state courts are charged with securing a state criminal defendant's federal rights, the state courts must be given the opportunity to consider and correct any violations of federal law. *Jones*, 126 F.3d at 413.

Here, Miller states that he was convicted on November 14, 2011 in Supreme Court, Queens County, on charges of bank robbery and attempted bank robbery. (Am. Pet at 1 ¶¶ 1-2). He further asserts that his direct appeal challenging that conviction is presently pending with the Appellate Division, Second Department. (*Id.* at 2, ¶ 9. Thus, his petition is premature, and must be dismissed without prejudice for refiling upon proper exhaustion of state remedies, if unsuccessful. *See, e.g., Moorish Science Temple of Am., Inc. v. Smith*, 693 F.2d 987, 989 (2d Cir. 1982) (prisoner's federal habeas petition denied because his direct appeal in state court was still pending); *Harris v. N.Y.S. Div. of Parole*, No. 06-CV-5893 (JFB), 2007 WL 1988823, at **2-3 (E.D.N.Y. July 05, 2007) (holding similarly); 28 U.S.C. § 2254 (b)(1)(A), (c).[1]

## Conclusion

For the reasons set forth above, Miller's petition is dismissed without prejudice. Because he has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied

---

[1] A petition dismissed for failure to exhaust state court remedies does not count for the purpose of determining whether a future petition is a second or successive one. *See Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir. 1996). However, any new petition must be filed within the Anti-Terrorism and Effective Death Penalty Act's one-year period of limitations, which begins to run upon the conclusion of direct appellate review in state court. 28 U.S.C. § 2244(d)(1).

3

for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk is directed to close this case for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
      August 28, 2012                                    s/ ENV

                                                           **ERIC N. VITALIANO**
                                                           **United States District Judge**